UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____3/19/2021____

MICHAEL REGAN,

                          Plaintiff,

          -against-

VILLAGE OF PELHAM, et al.,

                          Defendants.

19 Civ. 7987 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Michael Regan ("Plaintiff" or "Regan") commenced this action against the Village of
Pelham ("the Village"), the Village of Pelham School District, and Superintendent Dr. Cheryl H.
Champ (collectively, the "School District," and, together with the Village, "Defendants"), alleging
that Defendants terminated Plaintiff's employment without due process in violation of various
state and federal laws. (ECF No. 5). Currently before the Court are three motions: (1) the Village's
motion to dismiss (ECF No. 18); (2) the School District's motion to dismiss and for sanctions
(ECF No. 30); and (3) the Village's motion for sanctions. For the following reasons, the Court
GRANTS the School District's motion insofar as it seeks dismissal but DENIES its motion for
sanctions; and GRANTS the Village's motion to dismiss and DENIES its motion for sanctions.

## BACKGROUND

I.      **Plaintiff's Allegations**

        The facts in this section are drawn from the First Amended Complaint unless otherwise
indicated and are assumed to be true for the purposes of this motion.[1]

---

[1] In opposition to Defendants' motions, Plaintiff submits an affidavit purporting to supplement the factual
allegations in the Amended Complaint. (ECF Nos. 29 and 35.) The submission of such affidavits in opposition to a
motion to dismiss is improper as "courts cannot consider new factual assertions in an affidavit submitted in opposition
to a motion to dismiss." *Colliton v. Bunt*, 709 F. App'x 82, 83 (2d Cir. 2018). Accordingly, the Court has not
considered Plaintiff's affidavit.

Plaintiff was appointed by the Village of Pelham to the position of Assistant Superintendent for Pupil Personnel Services on April 17, 2018[2] (Am. Compl. ¶ 12) and executed a contract for employment with the School District (*id.* ¶ 13). Plaintiff alleges that he performed his contractual obligations by, *inter alia*, providing professional services and advice to the School District but never received any compensation. (*Id.* at ¶¶ 15-16).

Plaintiff alleges that soon after the commencement of Plaintiff's employment with the School District, Superintendent Champ began circulating defamatory material about Plaintiff, including that Plaintiff, who had previously been employed as the director of pupil services in Newtown, Connecticut, was responsible for the mass shooting at Sandy Hook Elementary School. (*Id.* at ¶¶ 17-18.) Despite Plaintiff's requests for an opportunity to be heard on the matter, on or about April 29, 2018, Defendant Champ sent an email to Plaintiff recommending the termination of Plaintiff's employment with the School District. (*Id.* ¶ 21.) On or about May 1, 2018, the School Board voted to terminate Plaintiff's employment. (*Id.* ¶ 22.)

Plaintiff alleges that his termination without due process violated his rights under the Fourteenth Amendment of the United States Constitution and resulted in loss of wages, benefits, medical expenses, pension, attendant increases thereto and other income; and caused him psychological and emotional upset and trauma as well as public humiliation and shame.

## II.    Procedural History

The facts in this section are drawn from the Amended Complaint, the docket, and Defendants' submissions.[3]

---

[2] The Amended Complaint contains many typographical errors, including as to the relevant dates. Based on the context, it is clear that Plaintiff intended to allege that he was appointed on April 17, 2018, not 2019, as stated in the Amended Complaint.

[3] When considering a motion to dismiss for lack of jurisdiction, improper process, or improper service of process, the burden is on Plaintiff to and, "a Court must look to matters outside the complaint to determine whether it has jurisdiction," *Mende v. Milestone Tech., Inc.,* 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003), and whether service was proper, *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir. 2005).

The Amended Complaint alleges that Plaintiff filed a notice of claim with the Village of Pelham in or about July of 2018. (Am. Compl. ¶ 11.) The Village Clerk attests that on August 1, 2018, the Village was personally served with two notices of claim dated July 11, 2018, both of which were delivered to him at the Village Hall on August 1, 2018. (Aff. of Terri Rourke in Supp. of Village's Motion to Dismiss ("Rourke Aff.") ¶ 3 (ECF No. 19).) The first notice of claim incorrectly specified the address of the Village of Pelham as "c/o Corporation Counsel, 34 Fifth Avenue, Pelham New York 10803," which corresponds with the Town Hall for the Town of Pelham—a different entity than the Village of Pelham—when the Village's address is the Village Hall, "195 Sparks Avenue, Pelham, New York 10803." (*Id* ¶ 4; Ex. A. to Rourke Aff.) The second notice of claim was hand delivered to the Village Clerk and identical to the first notice except that it specified the correct address for the Village, "195 Sparks Avenue, Pelham, New York 10803." (*Id.* ¶ 5; Ex. B. to Rourke Aff.) Both notices are also addressed to the Pelham School District, which received the notice of claim in August 18, 2018. (Ex. G to Stern Aff. (ECF No. 31-8).)

The notices of claim state that Plaintiff's claims "arose on or about May 1, 2018 when Claimant was terminated by Respondent(s) without notice; without an opportunity to respond; and in violation of New York Education Law." Plaintiff's notices of claim allege

> violation of claimant's Liberty and property interests in violation of the 14th Amendment to the United States Constitution, enforceable by 42 USC § 1983 and in violation of Article 1, § 6 of the New York State Constitution; violation of claimant's right to equal protection of laws in violation of the 14th Amendment to the United States Constitution and Article 1, § 11 of the New York State Constitution; Breach of Contract Intentional and/or Negligent Infliction of Emotional Distress, Unjust Enrichment , Defamation, Slander, a Violation of Civil, Constitutional Rights and New York Education Law all caused by the negligent, reckless and careless actions of the aforementioned respondents and/or agents thereof.

> Claimant further asserts a claim for respondeat superior liability of the Village of Pelham for all claims. Claimants also asserts claims for injuries, emotional, mental and psychological pain and suffering, loss of income, legal expenses, loss of

reputation, embarrassment and humiliation, sustained by claimant as a result of the intentional, reckless, careless, and/or negligent acts, and violation of claimant's civil rights, by employees, servants and agents of the respondent. The conduct complained of was caused by the respondents, its agents, servants and/or employees, including unknown School Officers. Claimant further requests indemnification from any and all claims that may be made by others as a result of respondent's employees' conduct.

(Exs. A and B to Rourke Aff. and Ex. G to Stern Aff.)

Plaintiff filed this action on August 26, 2019. (ECF No. 1.) The docket indicates that Plaintiff filed a request of issuance of summons on November 15, 2019 but that it was rejected as deficient and Plaintiff never re-filed the request for summons. On November 25, 2019, Plaintiff sent the Village a "Notice of a Lawsuit and Request to Waive Service of a Summons." (Ex. B. to Affidavit of Edward A. Smith III in Support of the Village's Motion to Dismiss ("Smith Aff.")). The Amended Complaint was filed December 5, 2019 and enumerates seven causes of action against the Village and the School District sounding in negligence, failure to supervise, breach of contract, malicious interference with prospective economic advantage, and violation of due process.[4] (ECF No. 5.) On December 18, 2019, Plaintiff filed a "Notice of a Lawsuit and Request to Waive Service of a Summons" with an attached affidavit indicating that Superintendent Champ was served with the aforementioned form, and the Amended Complaint on November 25, 2019. (ECF No. 6.)

On December 20, 2019, the School District served Plaintiff's counsel with a "safe harbor" letter, providing notice that Defendants would seek sanctions under Rule 11 and 28 U.S.C. § 1927 if Plaintiff did not withdraw frivolous claims and factually false allegations. (Ex. F to Stern Aff. (Ex. 31-7).) The School District subsequently sought leave to file a motion to dismiss and for sanctions, noting that the Amended Complaint contains false statements of fact and legally

---

[4] Plaintiff has withdrawn his breach of contract claim against the Village. (Opp'n to Vill. at 23 n.4.)

frivolous causes of action, noting that Plaintiff's state claims are time-barred and that Plaintiff failed to comply with notice of claim requirements or appear for the statutorily required hearing. (ECF No. 7.) The Village also sought leave to file its motion to dismiss, noting that Plaintiff has failed to serve the Village in accordance with Rule 4(j) and seeking dismissal of Plaintiff's conclusory claims against the Village, which cannot be held liable for actions of the School District, a legally distinct entity. (ECF No. 8.) The Court granted the School District and the Village leave to file their respective motions to dismiss and granted the School District leave to move for sanctions. (ECF. No. 13.)

By letter dated July 1, 2020, the Village notified Plaintiff that if he did not discontinue the Amended Complaint against the Village within 21 days of receiving the letter, the Village would seek Rule 11 sanctions. (Ex. E to Edward A. Smith III Affidavit in Support of Village's Motion for Sanctions (ECF No. 45-5).) The Court subsequently granted the Village leave to file a motion for sanctions. (ECF No. 43.)

The motions to dismiss and for sanctions are now before the Court. (ECF Nos. 18, 30, 44.)

## DISCUSSION

### I.   Motions to Dismiss

#### A.  *Standards of Review*

Defendants seek dismissal under subsections (1), (4), (5), and (6) of Federal Rule of Civil Procedure 12(b).

Under Rule 12(b)(1) a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. Fed. R. Civ. P. 12(b)(1). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United*

5

*States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

Under Rule 12(b)(4) and 12(b)(5) a case is properly dismissed for improper process or service of process. Fed. R. Civ. P. 12(b)(4)-(5). "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Dynegy Midstream Servs. v. Trammochem,* 451 F.3d 89, 94 (2d Cir.2006) (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987)). "[T]he plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan,* 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir. 2005)). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." *Kwon v. Yun,* No. 05 Civ. 1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006) (citations omitted); *see also Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998). In this regard, conclusory statements are not sufficient to overcome a defendant's sworn affidavit that service was improper. *Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F.Supp.2d 382, 387 (S.D.N.Y.2002).

Under Rule 12(b)(6), courts must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to "facts stated on the face of the complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). However, "extrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *Id.* (quotation omitted). For a document to be integral to a complaint, "the plaintiff must have (1) 'actual notice' of the extraneous information and (2) 'relied upon the documents in framing the complaint.'" *Id.* (quoting *Chambers*, 282 F.3d at 153) (alterations omitted). While the Court must accept the facts as alleged in the complaint, "when any allegations contradict the evidence contained in the documents relied upon by a plaintiff, the documents control, and the Court need not accept the allegations contained within the complaint as true." *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123, 128 (S.D.N.Y. 2002).

> B. *Plaintiff's Inappropriate Reliance on Regan Affidavit in Opposition to Motion to Dismiss Under Rule 12(b)(6)*

Plaintiff's oppositions to both motions to dismiss rely heavily—if not exclusively—on factual allegations contained an affidavit Plaintiff filed in support of his opposition papers (*e.g.* Pl.'s Opp'n to Village's Motion to Dismiss ("Opp'n to Village MTD") (ECF No. 25) at 15-16 (citing Regan Affidavit ("Regan Aff.") (ECF No 29)) (contending that Plaintiff has stated a due process claim "as detailed above"—referring to the statement of facts that heavily relies on the Regan Affidavit—"(and at length in the Regan Aff.)"); Pl.'s Opp'n to School District's Motion to

Dismiss and for Sanctions ("Opp'n to School District Motion") (ECF No. 36) at 18-19 (citing

Regan Aff. (ECF No. 35) (relying on Policy 6217 as described in Regan Affidavit as proof that

Plaintiff's failure to supervise claim is plausibly stated))—factual allegations that are not

mentioned or even suggested by the allegations in the Amended Complaint. The Court may not

and has not considered any factual allegations that were introduced for the first time in either

Plaintiff's opposition affidavit or briefs because "courts cannot consider new factual assertions in

an affidavit submitted in opposition to a motion to dismiss." *Colliton v. Bunt*, 709 F. App'x 82, 83

(2d Cir. 2018) (citing *Faulkner v. Beer*, 463 F.3d 130, 134 n.1 (2d Cir. 2006)); *see also Wright v.

Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("a party is not entitled to amend its

complaint through statements made in motion papers"); *accord Soules v. Conn. Dep't of

Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018).

To the extent Plaintiff seeks to rely on his Affidavit to demonstrate the plausibility of the

claims alleged in the Amended Complaint, Plaintiff's strategy contravenes the clear dictates of

Rule 12(b)(6). *See, e.g.*, *Sullivan v. Doctor's Assocs. LLC*, No. 1:19-CV-719-GHW, 2020 WL

353752, at *4 (S.D.N.Y. Jan. 17, 2020) (declining to consider declaration of plaintiff's counsel in

support of opposition to motion to dismiss where the "[amended complaint] does not attach these

documents; it also does not make a 'clear, definite, and substantial reference' to these documents

as required for the documents to be deemed 'incorporated by reference. And the Court cannot

conclude that Plaintiff 'relied upon the documents in framing the complaint' because they are not

referenced [therein]" (quoting *DeLuca*, 695 F. Supp. 2d at 60)).

C. *Claims Against the Village*

The Village avers, inter alia, that the claims against it must be dismissed because the

Village was never properly served and, as a legal entity distinct from the School District, and

8

absent any factual allegations regarding the Village, Plaintiff has not stated any plausible claims against it. The Court agrees.

      i.  <u>Failure to Serve the Village</u>

Defendants aver that this action should be dismissed in its entirety because instead of properly serving the Village with a summons, Plaintiff delivered a notice of lawsuit, amended complaint, and "Request to Waive Service of a Summons" without any summons. The Court agrees.

Under Rule 4(d)(1) a plaintiff may ask a defendant to waive service if the defendant is "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." Fed. R. Civ. P. 4(d)(1). Municipal corporations such as the Village must be served pursuant to Rule 4(j)(2), which provides

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>     (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>     (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). In New York, service on a village may be accomplished only by delivering a copy of the summons and complaint to the "mayor, clerk, or any trustee." *Schaeffer v. Vill. of Ossining*, 58 F.3d 48, 49 (2d Cir. 1995). Rule 4(m) further provides that a Court may dismiss an action if the Plaintiff fails to serve the complaint within 90 days of filing it. Fed. R. Civ. P. 4(m). Actual notice cannot "cure a failure to comply with the statutory requirements for serving process." *Sartor v. Toussaint,* 70 F. App'x 11, 13 (2d Cir. 2002).

Plaintiff filed the Complaint on August 26, 2019. (ECF No. 1.) Accordingly, Plaintiff was required to serve Defendants by November 25, 2019. The docket indicates that Plaintiff attempted to file a request for issuance of summons on November 15, 2019 but that it was rejected as

deficient. Plaintiff never re-filed so no summonses were ever issued as to any of the Defendants. According to the affidavit of service Plaintiff filed, Plaintiff delivered the Amended Complaint to the Village without a summons on November 25, 2019. (ECF No. 6-1.)

Plaintiff's unsupported assertions that "Pelham Village was served with the Amended Summons and Complaint" and that a "notice of lawsuit acts in place of the summons" are unavailing. First, Plaintiff's claim that any summons was sent is belied by the fact the Clerk of the Court never issued any summonses in this matter and that Plaintiff filed the "Notice of a Lawsuit and Request to Waive Service of a Summons" with an attached affidavit indicating that Superintendent Champ was served with the aforementioned form, and the Amended Complaint on November 25, 2019. (ECF No. 6.) Plaintiff has made no statements or filed any support for his claim that the Village, as opposed to the School District, was properly served. As to his contention that a "notice of lawsuit acts in place of a summons" Plaintiff has cited **to** no authority for this assertion and it is unlikely that a notice of lawsuit can be construed as "service" where Rule 4 requires that, where requests for waiver of service are permitted, a plaintiff must serve both Notice of Lawsuit and a waiver request. Fed. R. Civ. P. 4(n); *see also Rzayeva v. United States*, 492 F. Supp. 2d 60, 76 (D. Conn. 2007) ("[e]ven if the Court were to construe the Notice of Lawsuit as 'service'").

Plaintiff has failed to meet his burden to demonstrate proper service on the Village and that the Village had "actual notice" of Plaintiff's Amended Complaint does not "as a matter of law, waive the service defect." *Sikhs for Just. v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012). Accordingly, the Court must dismiss all claims against the Village for improper service of process.

### ii.   Village is not a Proper Party

Even if Plaintiff had served the Village, his claims against it would nonetheless fail. "To state a claim against a municipality . . . a plaintiff must establish the municipality itself was at

fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). The Supreme Court has clearly stated that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort . . . . a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Both the Amended Complaint and the Notice of Claim, which the Court may rely on here because Plaintiff directly referenced it in the Complaint, makes crystal clear that Plaintiff's claims against the Village sound in vicarious liability for the actions of the School District (Exs. A and B to Rourke Aff. and Ex. G to Stern Aff. ("Claimant further asserts a claim for respondeat superior liability of the Village of Pelham for all claims.")), which are per se impermissible under *Monell*. Not only is the Amended Complaint devoid of any specific allegations against the Village, minimal legal research demonstrates that the Village and the School District are distinct legally entities and, therefore, the Village has no authority over the School District.

The Village is a municipal corporation governed by a mayor and board of trustees pursuant to powers granted by the New York State Village Law. The School District is governed by a school board pursuant to the powers under the New York State Education Law. Under longstanding New York policy, statute, and case law, school districts and boards of education are separate and distinct legal entities from the municipalities in which they are located. *See, e.g.*, *Lanza v. Wagner*, 11 N.Y.2d 317, 326 (1962) ("Although members of a Board of Education in a city perform tasks generally regarded as connected with local government, they are officers of an independent corporation separate and distinct from the city, created by the State for the purpose of carrying out

a purely State function and are not city officers within the compass of the Constitution's home rule provisions.").

Instead of addressing the fact that the Village and School District are distinct legal entities and that the Village cannot be held accountable for any actions taken by the School District, Plaintiff has submitted an inadmissible affidavit purporting to supplement the factual allegations on the Amended Complaint, which include**es** a cursory allegation that "After being unanimously approved for this position, Defendant Champ and the School District (under pressure which only could come from high ranking Pelham Village officials) did a complete about-face and terminated me in a five day period from April 27-May 1, 2018." (Regan Aff. ¶ 4.) Even if the Court could consider the Regan Affidavit—which it is precluded from doing in its adjudication of whether Plaintiff has stated a plausible claim—such cursory allegation is insufficient to assert a plausible claim against the Village. The Notice of Claim, which Plaintiff references in the Amended Complaint confirms Plaintiff's allegation that all claims against the Village are based on its purported responsibility for or failure to supervise the School District and Superintendent Champ. (Exs. A and B to Rourke Aff. and Ex. G to Stern Aff.) Accordingly, the Court must dismiss all claims against the Village.

### D. Due Process Claims under Section 1983

Even if Plaintiff had properly served the Village, Plaintiff has failed to state a plausible Section 1983 claim against either the Village or the School District. To plead a due process claim, a plaintiff must allege that a cognizable liberty or property interest that was invaded in an arbitrary and irrational manner. *See, e.g.*, *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007). "To state a claim against a municipality (including a school district), a plaintiff must establish the municipality itself was at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). To do so, a plaintiff must demonstrate the alleged constitutional violation resulted from a specific municipal

policy, practice, or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The School District avers that Plaintiff's Section 1983 claims must be dismissed because there is no fundamental right to public employment and all Defendants aver that Plaintiff has not alleged any policy or custom for which any Defendant can be liable under *Monell*. The Court agrees.

          i.   <u>No Right to Public Employment</u>

Plaintiff's Section 1983 claim must be dismissed because he has not alleged that a fundamental interest was invaded. "The Second Circuit has never articulated a fundamental interest in public employment giving rise to substantive due process protection, and other courts have explicitly declared that there is no such interest." *Nichik v. New York City Transit Auth.*, No. 10-CV-5260 JG, 2013 WL 142372, at *12 (E.D.N.Y. Jan. 11, 2013). "Property and liberty interests protected by the Due Process Clause are ordinarily created and defined by state law." *Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ.*, 42 F.3d 719, 724 (2d Cir. 1994). New York Education Law § 3012(1)(b)(ii) provides that the Board of Education may appoint an administrator to a probationary period of four years, prior to the conclusion of which an employee "may be discontinued at any time." *Id.* In other words, boards of education are only authorized to appoint administrators to at-will positions during which the first four years are probationary. Accordingly, numerous courts have held that a probationary school employee has no property interest in his position. *E.g. Kahn v. N.Y.C. Dep't of Educ.*, 18 N.Y.3d 457, 467 (2012) (affirming Appellate Division ruling that probationary teacher did not have a valid claim under Section 1983 because she did not have a property interest in her position). As a corollary, there is no constitutionally protectable interest in procedures giving rise to a property interest. *Jannsen v. Condo*, 101 F.3d

14, 16 (2d Cir. 1996) (holding that probationary county employee did not have property interest employment or in any employment procedure).

Reading the Amended Complaint in the light most favorable to Plaintiff as the Court is required to do when reviewing a motion to dismiss, Plaintiff has alleged that the School District appointed him Assistant Superintendent for Pupil Personnel Services on April 17, 2018 (Am. Compl. ¶ 12) and then on or about May 1, 2018, the School Board voted to terminate Plaintiff's employment (*Id.* ¶ 22). That the School District disputes that Plaintiff had started his new position, which was to begin in July 2018 for the 2018-19 school, or that he signed an employment contract is immaterial where New York law only authorizes the School District to appoint administrators to at-will positions during which the first four years are probationary. In other words, Plaintiff has failed to allege that any cognizable property interest was invaded.[5]

ii.   Failure to Plausibly Allege Municipal Policy or Custom

Even if Plaintiff had alleged a constitutional deprivation, his due process claim against Defendants fails because the Amended Complaint does not allege that any constitutional deprivation resulted from a municipal policy or custom. "[T]o hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). The Amended Complaint does not make any concrete factual allegations regarding any policy

---

[5] Even if Plaintiff had alleged that Defendants invaded a protected right, there is "there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996). The Second Circuit has "held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy" where a plaintiff alleges that it was deprived of a property interest. *Id.* at 881; *see also Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) ("Where, as here, Article 78 gave [a tenured teacher] a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived of due process simply because he failed to avail himself of the opportunity."). Accordingly, Plaintiff's Section 1983 claim also fails because there can be no due process violation when Plaintiff could have pursued an Article 78 proceeding.

maintained by either Defendant. Instead, the Amended Complaint states in a cursory fashion that "[u]pon information and belief, the Village of Pelham has a policy and or practice of denying individuals the right to proper notice and due process prior to termination." (AC ¶ 41.) Not only does Plaintiff fail to include any factual allegations to support this "belief," a single instance of allegedly unconstitutional conduct, without more, does not give rise to an inference of a broader policy or custom.[6]

Because municipal liability requires allegation of an underlying policy or custom, Plaintiff's claims that either the Village or the School District failed to supervise Superintendent Champ must be dismissed as impermissible respondeat superior claims.

                                        ***

Where, as here, the Amended Complaint suffers from fatal procedural and substantive defects and likely contains factual untruths, and despite repeated notice from Defendants, Plaintiff has not endeavored to correct any defects, the Court need not grant Plaintiff leave to amend. *See, e.g. Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 274 (S.D.N.Y. 1996) ("Valid reasons for denying leave to amend include undue delay, undue prejudice to the opposing party, bad faith or dilatory motive on the part of the movant, and futility of the amendment."). Accordingly, the Court dismisses the Amended Complaint with prejudice.

   *E. State Law Claims*

In addition to the due process claims under Section 1983, Plaintiff's Amended Complaint alleges various state law causes of action against Defendants including negligence, breach of contract, and malicious interference with prospective economic advantage. A district court may

---

[6] Plaintiff's reliance on Policy 6217, which appears nowhere in the Amended Complaint and is only discussed in Plaintiff's affidavit, is improper because it is beyond the four corners of the complaint and cannot be considered in adjudication of a Rule 12(b)(6) motion to dismiss for failure to state a claim.

decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Since Plaintiff has failed to state a due process claim against Defendants, the Court declines to extend supplemental jurisdiction over the state law claims.

## II.    Sanctions

Defendants seek sanctions against Plaintiff and Plaintiff's counsel Richard St. Paul, for their continued litigation of frivolous claims, even after Defendants made Plaintiff aware of various procedural, substantive, and factual errors.

### A.  Legal Standard

Rule 11(c) of the Federal Rules of Civil Procedure provides, that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on belief or a lack of
information.

Fed. R. Civ. P. 11(b).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Parnoff v. Fireman's Fund Insurance Company*, 796 F. App'x 6, 8 (2d Cir. 2019) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)). Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) Moreover, "a litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11(b)-(c) Advisory Committee's Note (1993). 28 U.S.C. § 1927 further provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

### B. Application

The Court finds that counsel for Plaintiff, Richard St. Paul has violated Rule 11(b)(2) because "reasonable inquiry" by a "competent attorney" would have discovered the blatant legal error in his actions, including but not limited to, failing to serve the Village as required by Rule 4(j) despite the Village's notice to Plaintiff that service had been improper; improperly filing and

relying almost exclusively in his opposition to Defendants' motions to dismiss for failure to state a claim on his client's affidavit, which introduces new factual allegations not contained or even implied in the Amended Complaint; and continuing to pursue claims against the Village, a municipal corporation distinct from the School District, which cannot be sued for any alleged violations of by the School District and where the Amended Complaint clearly alleged that any contract that existed was between Plaintiff and the School District.[7] The Court also finds that Plaintiff and Richard St. Pail have violated Rule 11(b)(3) by pursuing and continuing to press claims against the Village when the "Factual Allegations" in the Amended Complaint do not mention any acts by the Village and the Amended Complaint makes only conclusory allegations as to any factual basis for claims against the Village.

Accordingly, the Court finds that Plaintiff and Richard St. Paul have violated the dictates of Rule 11 and that such conduct are sanctionable. While the Court will use its discretion and not sanction Plaintiff and counsel at this time, they are forewarned that pursuing frivolous claims and disregarding procedural requirements in the future could very well result in the imposition of sanctions.

//

//

//

//

//

//

---

[7] The fact that Plainitff withdrew the breach of contract claim against the Village in his opposition papers does not shield Mr. St. Paul from sanctions. *See, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal").

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss, with prejudice, in their entirety. That portion of Defendants' motion seeking sanctions pursuant to Rule 11 is DENIED in the Court's exercise of discretion.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 18, 30, and 44 and to terminate this action.

Dated:   March 19, 2021                                    SO ORDERED:
         White Plains, New York


                                        _____
                                              NELSON S. ROMÁN
                                           United States District Judge

19